JOHN D. CONNALLY, d. b. a., *vs.* WILLIAM P. McCONNELL and JOHN N. ROBINSON, trading as McCONNELL & ROBINSON, p. b. r.

## *Principal and Agent.*

1. It is not incumbent upon a person to whom one comes to sell an article, without any information of agency or anything to raise any doubt in his mind as to agency, to make any inquiry; he has a right to presume that such person is the owner of the property offered for sale. But if there is in the transaction evidence which shows that the vendor is not the owner but an agent, it would be incumbent upon the purchaser to pursue inquiry and to inform himself as to whether he was dealing with an agent or a principal.

2. If an agent sell and deliver personal property in payment of debts contracted by himself in his own name, to a third party without disclosing his agency, the right of the purchaser cannot be disturbed by the principal or his attaching creditor.

3. If the purchaser of property does not know that he is dealing with an agent of the owner and he has not good reason to know it, he is justified in treating the agent as the owner, and payment of the purchase price to him will be a defense to an action by the owner for the amount.

(*December 8, 1897.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.
*John G. Gray* for plaintiff below.
*J. Frank Ball* for defendant below.

Superior Court, New Castle County, November Term, 1897.

ACTION of assumpsit (No. 2 to Nov. T. 1897); narr; common counts with a bill of particulars. The usual pleas were filed.

The facts sufficiently appear in the charge of the Court.

The plaintiff prayed the Court to instruct the jury that the authority of the agent to act is limited by the instructions received by him from his principal or which he is held out to the world as receiving; and as to the necessity of one dealing with another in a representative capacity to inquire into his authority to act in such capacity. That an agent has no right to pledge his principal's goods for his own debts; and that goods having been delivered, the party holding them having had the benefit of them, the law implies a promise to pay.

DEFENDANT'S PRAYERS.

The defendant prayed the Court to charge the jury as follows:

If an agent sell and deliver personal property in payment of debts contracted by himself, in his own name, to a third party, without disclosing his agency the right of the purchaser cannot be disturbed by the principal or his attaching creditors.

*Koch vs. Willi, 63 Ill., 144; Lock vs. Lewis, 124 Mass., 7; Line Rock Bank vs. Plimpton, 17 Pick., 159; Miller vs. Sullivan, 39 Ohio, 79-85.*

Where an agent makes a contract in his own name, the name of the principal not being disclosed, the defendant is entitled to be placed in the same situation in all respects as if the agent had been the real party in interest, or the principal must take therewith all the attendant burdens and subject to all the attendant burdens and subject to all the attendant first counter claims and defense of the other contracting party.

*Traub vs. Milliken, 57 Me., 63; Stoddard vs. Ham, 129 Mass., 383.*

If A sells goods to B who sells them to C, the fact that A supposed he was selling the goods to C, though B as his agent and would not have sold them to B on his own credit, will not entitle A to maintain an action against C for the conversion of the goods.

*Stoddard vs. Ham, 129 Mass.; 383.*

If the purchaser of property does not know that he is dealing with an agent of the owner, and has not good reason to know it, he is justified in treating the agent as the owner and payment of the purchase price to him will be a defense to an action by the owner for the amount.

*The Eclipse Wind Mill Co., vs. Thorson, 46 Iowa, 181.*

If the jury believe that J. Yates Evans was acting for himself or that from his acts and conduct the defendant had reason to suppose he was so acting then the jury should return a verdict in favor of the defendant.

There was no priority of contract established between the

plaintiff and defendant and without such priority the possession and use of the property will not support an implied assumpsit.

*Boston Ice Co. vs. Potter, 123 Mass., 28.*

A party has the right to select and determine with whom he will contract and cannot have another person thrust upon him.

*Boston Ice Co., vs. Potter, 123 Mass., 28.*

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—This case comes into this Court upon an appeal from a judgment of a Justice of the Peace, and it is tried here as if the action had originally been brought in this Court.

The only part of the plaintiff's declaration applicable to this transaction is a count for goods sold and delivered, which is limited by the bill of particulars to the goods therein mentioned, viz:  One bicycle and two other articles for which $56.40 with interest is claimed.

There is considerable conflict of testimony, but the determination of questions of fact belongs solely to you.  After carefully considering the evidence, you are to give your verdict to that side which has, in your judgment, the preponderance of evidence. In civil causes it is not necessary that the proof be beyond a reasonable doubt, as is required in criminal cases.

The determination of the law of the case belongs exclusively to the Court.

It is claimed on the part of the plaintiffs, who are bicycle dealers, that this bicycle was entrusted to one J. Yates Evans for the purpose of exhibiting it to the defendant, but without authority to make a sale; and that Evans was merely their agent and not the owner of the goods.

It is claimed on the part of the defendant that Evans was in fact the owner of the goods, but if he was not the owner, that he sold the goods to the defendant without disclosing the fact that he was an agent, and that the claim of the owner is subject to all the defences which could have been made against Evans if he had been the owner of the property.

Questions between principal and agent are settled by very different rules of law from those which are applicable to questions between the principal and the vendee of the agent.

An agent intrusted with the possession of property; but not authorized to sell it, violates his duty to his principal, if he sells it; and an agent, authorized to sell, is guilty of fraud against his principal if he sells the property of his principal for the payment of his own debt.

But on the other hand, if a person dealing with an agent does not know, or have reasonable ground to believe that he is an agent, he is put in the same position as if the agent was the real owner.

It is not incumbent upon a person to whom one comes to sell an article, without any information of agency or anything to raise any doubt in his mind as to agency, to make inquiry. He has a right to presume that the person who deals with him, representing the property to be his own, is the owner.

The rule of course is different where the possession of the vendor is tortuous, but but in this case there is no claim that the possession of Evans was not a lawful possession.

If Evans was the owner of the property he had a right to sell it to the defendant on such terms as they might agree upon; but if he was not the owner, and was only the agent of the plaintiffs, and the defendant did not know, and had no reasonable ground to believe that he was an agent, then this transaction must be treated as if Evans was the owner of the property.

The law upon this subject is very well settled. In *Chitty on Contracts, 225,* it is said: "It would be unjust to permit the principal to interfere and sue the debtor to his prejudice, in those instances in which the debtor had innocently, and in ignorance of the claim of the principal, dealt with the agent, he being a factor, upon the supposition that he was the principal; a character which he was allowed by his employer to assume by having the possession of the goods, or being intrusted with the *indicia* of property therein."

It is not disputed that the plaintiffs intrusted to Evans not only the possession of the property but also a paper purporting to guarantee him as to the quality of the bicycle.

In *Story on Agency, Sec. 419,* it is said: "If the agent has sold goods in his own name, no other person being known as principal, and the agent agrees, at the time of sale, that the ven-

dee might set off against the price a debt due to him by the agent, that set-off will be as good against a suit brought by the principal as it would be if the suit was brought by the agent for the price."

In *Koch vs. Willi, 63 Ills., 144*, it was decided:  "That if an agent sell and deliver personal property in payment of debts contracted by himself, in his own name, to a third party without disclosing his agency, the right of the purchaser cannot be disturbed by the principal or his attaching creditors."

In *Eclipse vs. Thorson, 46 Iowa, 181*, it was held that if a purchaser of goods does not know that he is dealing with an agent, and has not good reason to know it, he is justified in treating the agent as owner, and payment of the purchase price to him will be a defense to an action by the owner.

*Traub vs. Milliken, 57 Maine, 63*, reviews the leading cases on the subject and holds, that if a foreign factor sells merchandise in his own name, without disclosing his principal, and receives in part payment his own check and the balance in money, the principal cannot recover the price of the goods from the vendees if they had no knowledge of the vendor's representative character.

In *Locke vs. Lewis, 124 Mass., 7*, the Court say:  "All the authorities agree that when a person entrusted with goods as agent, sells them to one who has no knowledge that he is agent, but is led to believe from the manner in which he has been allowed to deal with the goods that they are his, the other party to the transaction may set off against the principal a debt of the agent."

It is contended for the plaintiffs, that the alleged agreement between Evans and the defendant, that part of the price of the property should be the discharge of the debt of Evans to the defendant for liquor sold in quantities less than half a gallon, was void under the following provisions of the *Revised Code, 414:*

 " No debt contracted for liquor sold in quantities less than a half gallon under the provisions of this act shall be collectible either in Court or before a Justice of the Peace."

This is not an action to recover a debt for liquor sold, nor an

offer to set off such a debt. If there was any agreement on the subject, it was that as part of the price of the property the debt of Evans was to be discharged. While a suit for such a debt could not be maintained, if the debt has been paid or otherwise discharged by the agreement of the parties we do not allow the former debtor to recover back the amount of the debt. We leave the parties where we find them. We are of the opinion that this statute has no application to this case.

Verdict for defendant below.